IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUG FRIESEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-10-0140-C |
| | ) |
| CHARLES N. ERB., JR., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Defendant filed the present motion alleging that Plaintiff's Second Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). Defendant argues 1) the Court lacks subject matter jurisdiction over Plaintiff's claims, 2) the Court's exercise of personal jurisdiction over him is improper, and 3) Plaintiff has failed to identify damages appropriate for the legal theories which he pursued. Plaintiff objects to each of Defendant's arguments and asserts that dismissal is improper.

Defendant argues that based on recent events, the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. The time for determination of the amount in controversy is at the time the original pleading is filed. See Enland Builders, Inc. v. Shea, 359 F.2d 927, 929 (10th Cir. 1966) (recognizing that the amount sought by plaintiff is examined at the time the allegations are made and that a change in circumstances after suit is commenced will not result in the loss of jurisdiction). Thus, federal court jurisdiction is proper where the amount in controversy is alleged in the initial pleading in good faith unless it appears to a legal certainty that the plaintiff cannot recover

the amount alleged. Id. at 928-29. Under this standard, it is clear that when the original complaint was filed, Plaintiff set forth in good faith an amount of damages exceeding the required jurisdictional threshold. Defendant has failed to offer any evidence demonstrating that that amount was not brought in good faith or that it appeared to a legal certainty that Plaintiff could not recover that amount. Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction will be denied.

Defendant next seeks dismissal of the claim alleging that the Court cannot exercise personal jurisdiction over him. As Plaintiff notes, Defendant's 12(b)(2) argument has been waived. In response to Plaintiff's original complaint, Defendant filed a motion pursuant to 12(b)(6), but did not bring any challenge to the Court's exercise of personal jurisdiction over Defendant. Rule 12(h)(1)(A) notes that a party waives a 12(b)(2) motion if it is omitted from a motion set forth in Rule 12(g)(2). Because Defendant did not mention lack of personal jurisdiction when he filed his original motion to dismiss, pursuant to operation of Rule 12(h), he has waived the right to challenge the Court's exercise of personal jurisdiction.[*] Accordingly, Defendant's Motion to Dismiss for lack of personal jurisdiction will be denied.

---

[*] See Rowley v. McMillan, 502 F.2d 1326, 1332 -33 (4th Cir. 1974) ("The leading commentators are in accord that, once having waived the defense of lack of jurisdiction over the person, as Rowley clearly did, Rule 12(g) prevents the defense from being revitalized even though plaintiffs amended their complaint and provided Rowley with an opportunity to file a new motion under Rule 12, or an answer setting forth a defense which Rule 12 would permit to be presented by motion.")

Finally, Defendant seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(6), alleging that the nature of damages which Plaintiff seeks to recover prevent him from stating a claim for either products liability or negligence. The limitation on damages under Oklahoma's manufacturer's products liability doctrine is not as narrow as Defendant argues. In Waggoner v. Town & Country Mobile Homes, Inc., 1990 OK 139, 808 P.2d 649, the Oklahoma Supreme Court considered the issue of whether or not Oklahoma's manufacturer's products liability doctrine would permit a claim where the damages were purely economic. Ultimately, the Oklahoma Supreme Court held that where damage was limited to the product itself, the recovery must be based upon the contractual relationship rather than manufacturer's products liability. Id. at ¶ 23, 653. However, that holding is not applicable to the issue at bar. While Plaintiff's damages may be classified as purely economic, they are not damages limited to the product itself; rather, they are economic losses that Plaintiff personally has suffered. As a result, they are outside the scope of the limitation set forth in Waggoner and are a permissible type of damages under Oklahoma law.

To the extent Defendant argues that attorney's fees are not recoverable, his analysis of the law conflates two issues. The Supreme Court in Summit Valley Industries Inc. v. Local 112, United Brotherhood of Carpenters and Joiners, 456 U.S. 717 (1982), was considering whether or not attorney's fees related to pursuing the underlying action could be recovered as an element of damage. The Supreme Court rejected that notion, following what is commonly referred to as the American Rule, where each party bears its own legal expenses. Summit Valley did not address the question of whether or not attorney's fees

3

could exist as a measure of damages in a case such as the one here.  Plaintiff's request – for attorney's fees he incurred as a result of either Defendant's alleged defective product or Defendant's negligence – is a proper measure of damages.  Accordingly, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is denied.

For the reasons set forth herein, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 48) is DENIED.

IT IS SO ORDERED this 5th day of April, 2012.

ROBIN J. CAUTHRON
United States District Judge