IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DOUG FRIESEN,                          )
                                       )
                    Plaintiff,         )
                                       )
        vs.                            )      Case No. CIV-10-0140-C
                                       )
CHARLES N. ERB, JR.,                   )
                                       )
                    Defendant.         )

MEMORANDUM OPINION AND ORDER

In 1996, Plaintiff purchased a part for a firearm from Defendant.  After that part was

purchased, Plaintiff undertook to manufacture the part into a firearm.  Ultimately the firearm

was inspected by members of the Alcohol, Tobacco, and Firearms Bureau ("ATF").  Those

agents believed that the firearm was improperly marked and ultimately an indictment was

returned charging Plaintiff with five counts concerning alleged errors in the serial number

related to the part purchased from Defendant.  Following resolution of the criminal matter,

Plaintiff filed the present action claiming Defendant was responsible for damages incurred

in his criminal defense under three theories of recovery:  manufacturer's products liability,

negligence, and negligence per se.  Defendant has now filed a Motion for Summary

Judgment arguing that the undisputed material facts entitle him to relief.

**STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted

only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324.   Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## MANUFACTURER'S PRODUCTS LIABILITY

To establish a claim for products liability under Oklahoma law, Plaintiff must prove each of the following:  (1) Defendant manufactured, sold, or leased the allegedly defective product; (2) Defendant was in the business of manufacturing, selling, or leasing such

products; (3) the gun part was defective and because of the defect the gun part was unreasonably dangerous to a person who uses, consumes, or might reasonably be expected to be affected by the gun part; (4) the gun part was defective at the time it was manufactured, sold, or leased by Defendant or left his control; (5) Plaintiff was a person who used, consumed, or could reasonably have been affected by the product; (6) Plaintiff sustained injuries directly caused by the defect in the product.  Oklahoma Uniform Jury Instruction, 12-10.

Before challenging Plaintiff's ability to prove these elements, Defendant argues that Plaintiff cannot prove that Defendant in fact manufactured the gun part at issue.   This dispute hinges on whether the gun part in question is for a Sten Mark II or a Sten Mark III. In support of his argument, Defendant points to testimony from the criminal trial stating that the gun part was for a Sten Mark III.  Defendant asserts that he has never manufactured parts for a Sten Mark III.  Thus, Defendant asserts there is no evidence that he manufactured the allegedly defective part.  Plaintiff refutes this argument by asserting that the identifying marks on the part which led to his criminal trial are the same marks set forth on the transfer papers prepared by Defendant when the part was purchased.  On this basis, Plaintiff argues that the part in question was manufactured by Defendant.  Viewing the evidence in the light most favorable to Plaintiff, as the Court must at this stage, questions of material fact exist regarding whether the part which led to the criminal trial was sold by Defendant.

Defendant's next argument is that Plaintiff has failed to show that the gun part is the cause of his injury.  In that regard, Defendant argues that Plaintiff admitted the gun part had

3

a serial number when received from Defendant, but that that serial number was not readily apparent when it was inspected by the ATF agents. According to Defendant, the number was altered or destroyed, because in 2000 or 2001 Plaintiff cleaned rust off the part and then spray painted it. Defendant also points out that Plaintiff has testified that after he finished painting the gun he could no longer see the serial number. Thus, Defendant argues, it was Plaintiff's actions and not a defect in the gun part that caused the criminal indictment.

Ancillary to this argument is Defendant's position that Plaintiff cannot show the gun part in question was defective when it left Defendant's possession or control. According to Defendant, it was Plaintiff's alterations that made the serial number unreadable and based on this subsequent alteration it cannot be said to have been defective when it left the manufacturer's control. Thus, Defendant argues, he is entitled to summary judgment on Plaintiff's manufacturer's products liability claim.

In responding to Defendant's arguments, Plaintiff argues that genuine issues of material fact exist as to the elements of his products liability claim. Addressing the arguments that it was Plaintiff's actions which caused the serial number to become obscured, Plaintiff argues that Defendant was aware of the fact that the firearm part would be subject to modification and alteration, as those actions were required to occur in order to make the part usable. Plaintiff argues that the applicable federal regulations require the firearm to be identified in such a way that the identifying information not be susceptible to obliteration. Further, Plaintiff argues that the manner in which Defendant manufactured the part required

it to be refinished before it could be used and if that refinishing obliterated the required markings, then the product was defective.

After consideration of the evidence presented by the parties, the Court finds that the gun part allegedly manufactured by Defendant was not defective as that term has been defined by Oklahoma products liability law. As noted above, in order to establish his claim for relief, Plaintiff must be able to prove that the product suffered from a flaw or defect that rendered the product unreasonably dangerous. Here, Plaintiff has identified the alleged flaw as the failure to properly identify the part or the failure to establish an identifying mark such as a serial number in a manner that prevented it from being easily obliterated. However, it is undisputed that at the time the part left Defendant's control it contained the required markings. It was only through the actions of Plaintiff that those markings were altered or obliterated. It is also undisputed that Plaintiff is experienced in the requirements for firearm parts and was knowledgeable about the requirement for serial numbers or identifying markings.

Oklahoma Uniform Jury Instruction 12.10 addresses the defense of voluntary assumption of the risk of a known defect. To establish this defense, Defendant must show by the weight of evidence that a defect in the product existed which created a risk of injury; Plaintiff knew of the risk, and appreciated the degree of danger; Plaintiff had the opportunity to avoid the risk; and Plaintiff's use of the product was voluntary and unreasonable and was the direct cause of his or her injury. The undisputed material facts demonstrate that

Defendant is entitled to this defense.[*] Assuming for purposes of this motion that Plaintiff has established a defect, the remaining elements of the defense are established. It is undisputed that Plaintiff knew that he could not see the serial number on the gun after he finished his work. That work included spray painting it, which covered the serial number, and using a rust remover and polisher on the serial number. It is also undisputed that Plaintiff knew or was acquainted with the firearms regulations which required a serial number. Thus, at the time Plaintiff made his alterations to the firearm part, it was clear that the firearm no longer complied with the appropriate regulations. Plaintiff could therefore have avoided the risk of criminal prosecution by either destroying the part or returning it to the manufacturer for refurbishment to include restoring the serial number or any other action which would have maintained the required markings. Plaintiff failed to avail himself of any of those opportunities and rather continued to use the product for approximately three years until he was indicted. Based on the undisputed material facts, it is clear that Plaintiff assumed the risk of continuing to use the firearm part when it did not comply with required law. Accordingly, Defendant is entitled to summary judgment on Plaintiff's manufacturer's products liability claim.

---

[*] Although Defendant did not expressly raise this defense in his Answer, the parties have fully addressed the relevant facts in the summary judgment briefing. Therefore, the Court finds Plaintiff is not prejudiced by the Court's consideration of the defense. See Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 458 (10th Cir. 1982).

## **NEGLIGENCE**

Defendant argues that Plaintiff cannot establish his negligence claim as he cannot establish the existence of a duty owed to Plaintiff.  Defendant argues that the federal statute on which Plaintiff relies does not give rise to a private right of action which would create a duty to protect Plaintiff from harm.  In the alternative, Defendant argues, even if there were some duty and a breach thereof Plaintiff cannot demonstrate that his injuries resulted directly and proximately from Defendant's negligence.

Plaintiff first argues that the multiple federal regulations to which firearms owners are subject in combination with the penalties associated for failing to follow those regulations imposed a duty on Defendant to produce a product that complies with the regulations.  However, Plaintiff has failed to offer any argument or evidence demonstrating that any of the regulations imposed or created a private right of action.  As Defendant notes, the Supreme Court has held that before an implied private right of action may be read into a federal statute, there must first be a determination that Congress intended to create such a right.  Univs. Research Ass'n, Inc. v. Coutu, 450 U.S. 754, 770 (1981).  In determining whether or not Congress so intended, the Court should look to the plain language of the law. Id. at 771.

After consideration of the statutes and regulations outlined by Plaintiff, the Court finds no congressional intent to create a private right of action exists.  Therefore, the Court finds that none of the statutes created a legal duty on Defendant that existed as to Plaintiff. To the extent Plaintiff attempts to analogize to a speeding regulation and an injury caused

by a car speeding, the Court notes that in that instance there is a direct correlation between the harm which occurs from a violation of the statute and the statute; that is, the statute is designed to prohibit injury arising from speeding.  The regulations and statutes pointed to by Plaintiff are not intended to guard against such harm, but rather to create a means by which firearms and their associated parts may be easily tracked.

This discussion also resolves Plaintiff's claim for negligence per se.

> In order to establish a viable claim for negligence *per se*, a plaintiff must prove the following elements:  (1) "the injury was caused by the violation" of the statute or ordinance; (2) "the injury was of a type intended to be prevented by the statute;" and (3) "the injured party was of the class meant to be protected by the statute."

Been v. MK Enter., Inc., 2011 OK CIV APP 70, ¶ 20, 256 P.3d 1040, 1044 (quoting Busby v. Quail Creek Golf & Country Club, 1994 OK 63, ¶ 6, 885 P.2d 1326, 1329).  Plaintiff has failed to demonstrate that the harm he suffered was of the type the statute intended to prevent.

Additionally, as noted above in resolving Plaintiff's claim for products liability, the Court notes that it was Plaintiff's own actions which caused his harm.  It is undisputed that the part allegedly manufactured by Defendant contained the required markings.  It was only after Plaintiff's actions in cleaning and spray painting the part that the required markings became difficult to see.  Given Plaintiff's admissions in regards to his actions, the Court finds no reasonable jury could find in his favor.  Rather, the evidence clearly establishes that it was Plaintiff's negligence which caused the harm.  For this reason, Defendant is entitled to judgment on Plaintiff's claims for negligence.

For the reasons set forth more fully herein, Defendant's Motion for Summary Judgment (Dkt. No. 80) is GRANTED.  All pending motions are STRICKEN as moot.  A separate judgment will issue.

IT IS SO ORDERED this 30th day of July, 2012.


ROBIN J. CAUTHRON
United States District Judge